**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                Plaintiff, | ) | Case No. 2:10-cr-0547-RLH-GWF |
| vs. | ) | **O R D E R** |
| NICHOLAS GHAFOURIA, | ) | (Motion for Review of Detention Order–#172) |
|                Defendant. | ) | |

Before the Court is Defendant's Motion to the District Court to Review and Amend the Detention Order Pursuant to 18 U.S.C. §3145(b) (#172, filed January 4, 2011). An expedited hearing is requested but, upon review of the record, the Court deems unnecessary. The Government's Response (#178) was filed January 12, 2011. The death of Chief Judge John Roll, in Tucson, Arizona, and a Circuit Chief Judges Meeting in San Diego, California has delayed the issuance of this order, but not the consideration of the motion.

This Court has reviewed the matter *de novo*, including a careful review of the transcript of the hearing before Magistrate Judge Leen. The District Judge finds no basis for amending Judge Leen's detention order (#39, filed November 8, 2010).

Defendant Ghafouria's Motion presents no new facts and raises no new issues. While Judge Leen found Ghafouria both a risk of nonappearance and a danger to the community, it appears that her primary concern was the danger to the community and the failure of Defendant to overcome the presumption which exists in this case. Ghafouria's counsel stresses that Defendant is

Case 2:10-cr-00547-RFB-PAL   Document 189   Filed 01/25/11   Page 2 of 3

not a flight risk because of his ties to the community and proposes his father as a third-party custodian. These arguments were made to and rejected by Judge Leen, and for good reason.

Ghafouria's father clearly does not recognize the seriousness of the charges against his son, characterizing them as "stupid mistakes." Moreover, the Defendant apparently successfully hid his daily drug use from his father. While the offer to take custody of his son is admirable, it provides no assurance to the Court that the father would be successful in controlling the actions of the son.

The evidence presented to Judge Leen adequately supports her finding that Ghafouria was the leader and organizer of a multi-person, multi-state sophisticated thirteen month conspiracy to illegally sell prescription oxycodone in this district and elsewhere; established multiple bank accounts, including the account of his own company, to launder the proceeds. He has admitted to both the drug sales and the laundering of approximately 1.2 million dollars through these various accounts. His relatively new Mercedes vehicle is registered to another person, but he makes the payments, which is consistent with not being able to account to money laundering and not being able to account for legitimate income from legitimate sources.

Pretrial Services joined in the request for detention, noting Defendant's convictions for robbery, battery with a deadly weapon, multiple failure to appear, two probation violations and significant drug use and possession of numerous firearms. While the criminal matters date back to approximately 2002, and were often misdemeanors, they were pled down from more violent and more serious charges. While the firearms are registered and he possesses a permit to carry a concealed weapon, it is not permissible to have such a permit if a person is a drug user. Furthermore, permits to carry concealed weapons limit the number of weapons authorized. Defendant had 10 firearms in his residence.

Neither in the original hearing, nor in the present motion, has Defendant overcome the presumption in favor of detention found in 18 U.S.C. §3142. The Court has granted the requested review and has reviewed the record and the motion to amend the detention order, and

2

denies the motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Amend the Detention Order (#172) is DENIED.

Dated: January 24, 2011.

_____
Roger L. Hunt
Chief United States District Judge

3